```
IN THE UNITED STATES DISTRICT COURT                    FILED
   FOR THE EASTERN DISTRICT OF VIRGINIA
              Norfolk Division                        JAN 17 2013

NATIONWIDE MUTUAL INSURANCE                      CLERK, US DISTRICT COURT
COMPANY,                                                NORFOLK, VA

         Plaintiff,

                                                    Civil No. 2:12cv263
    v.

SANDBRIDGE PROPERTIES, INC.,
d/b/a SIEBERT REALTY,

         Defendant.
```

## OPINION AND ORDER

This is a declaratory judgment action. The Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. § 1332 based upon complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000. In this action, plaintiff Nationwide Mutual Insurance Company ("Nationwide") seeks a declaration by the Court that, under commercial general and umbrella liability policies it issued to the defendant, Sandbridge Properties, Inc. d/b/a Siebert Realty ("Siebert"), it has no duty to defend or indemnify Siebert with respect to a certain state tort action due to Siebert's failure to provide timely notice of the accident out of which that tort claim arises.

This matter is now before the Court on the plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, the plaintiff's motion is **GRANTED** and judgment will be entered in its favor.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Siebert is in the real estate business, including, in particular, the management of more than 400 vacation rental properties at Sandbridge Beach in Virginia Beach, Virginia.

Nationwide is a property and casualty insurer that issued commercial general and umbrella liability policies to Siebert, providing coverage for the policy period April 15, 2008, to April 15, 2009.

On July 2, 2008, Siebert was notified by a guest at one of the vacation properties it managed that her nine-year-old daughter had fallen out of a bunk bed at the property the night before and had been taken to the hospital. That same day, Seibert reported the accident to the property owners, and they in turn reported the accident to their homeowner's liability insurer, Lloyd's of London. Pursuant to the management agreement between Siebert and the property owners, the property owners were obligated to maintain casualty and liability insurance coverage naming Siebert as an additional insured. The policies issued to Siebert by Nationwide provided that they were excess over the property owners' homeowner's policy. For at least the next several days, Siebert continued to receive updates regarding the status of the injured girl, but it did not provide notice of the accident to Nationwide.

On April 29, 2011, Siebert was served with the complaint in the underlying state tort action, which sought damages in excess of $10 million for the injuries allegedly suffered as a result of the girl's fall, including permanent traumatic brain injury. On May 18, 2011, nineteen days later, Siebert's attorney wrote to tender defense of the complaint to Nationwide. This was Nationwide's first notice of the accident, nearly three years after Siebert itself received notice. Nationwide issued a reservation-of-rights letter to Siebert on June 20, 2011.

On May 9, 2012, Nationwide filed the complaint in this action, seeking a declaration that it had no obligation under the liability policies it had issued to defend or indemnify Siebert for the claims raised in the underlying state tort action. Nationwide did so the ground that Siebert's failure to give notice of the occurrence of the accident giving rise to the underlying state tort

action "as soon as practicable" or "as soon as possible," as expressly required by the policy terms, constituted a material breach of contract, thus excusing Nationwide from performing. Siebert filed its answer to the complaint on June 5, 2012.

On December 20, 2012, Nationwide filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. On December 31, 2012, the Siebert filed a brief in opposition to the motion. On the morning of January 7, 2012, Nationwide filed its reply brief. A hearing on the motion was held later that same day. The matter is now ripe for decision.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" only if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." Id. In deciding a summary judgment motion, the Court must view the record as a whole and in the light most favorable to the nonmovant. Terry's Floor Fashions, Inc. v. Burlington Indus., Inc., 763 F.2d 604, 610 (4th Cir. 1985).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the nonmovant must set forth specific facts, supported by the record, demonstrating that "the evidence presents a sufficient disagreement to require submission to the jury." Anderson, 477 U.S. at 251-52.

## III. ANALYSIS

There is no dispute as to the material facts of this case. Siebert had actual knowledge of the accident on July 2, 2008. Siebert did not notify Nationwide of the accident until May 18, 2011—two years, ten months, and sixteen days later. In the interim, the rental property and its furnishings had been sold.

The terms of the insurance policies at issue are also beyond dispute. As a condition precedent to coverage, the general liability policy required that Siebert notify Nationwide "as soon as practicable of an 'occurrence' or an offense which may result in a claim." Compl. Ex. 1 at 17 (Condition No. 2(a)). Similarly, the umbrella policy required that Siebert notify Nationwide "as soon as possible of any 'occurrence' which may result in a claim if the claim may involve this policy" or the underlying general liability policy. Compl. Ex. 2 at 18 (Condition No. 6(a)). Both policies defined "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Compl. Ex. 1 at 21 (Definition No. 13); Compl. Ex. 2 at 16 (Definition No. 12(a)).

The parties agree that the policies were written and delivered in Virginia, and, thus, Virginia law applies to the resolution of this dispute. See Nationwide Mut. Fire Ins. Co. v. Overstreet, 568 F. Supp. 2d 638, 643 n.6 (E.D. Va. 2008). Under Virginia law, insurance policy provisions requiring notice of an accident "as soon as practicable" or "as soon as possible" are reasonable and enforceable, and an insured's substantial compliance with these notice provisions is a condition precedent to recovery under the policy. Overstreet, 568 F. Supp. 2d at 643; Atlas Ins. Co. v. Chapman, 888 F. Supp. 742, 745 (E.D. Va. 1995); Lord v. State Farm Fire & Cas. Co., 295 S.E.2d 796, 797 (Va. 1982); Mount Vernon Realty, Inc. v. St. Paul. Ins. Co., 19 Va. Cir. 203, 203 (1990). Substantial compliance requires that the insured provide notice to the insurer

within a reasonable time, under the circumstances. Overstreet, 568 F. Supp. 2d at 643; Chapman, 888 F. Supp. at 745; Lord, 295 S.E.2d at 800; Mount Vernon, 19 Va. Cir. at 204.

Whether notice was given within a reasonable time is normally a question of fact for the jury, but

> when the facts are undisputed and certain, the question becomes one of law for the court. In other words, the question of delayed notice may be decided as a matter of law where reasonable men could not differ as to the inferences to be drawn from the undisputed facts.

Chapman, 888 F. Supp. at 745 (citations omitted).

The only justification for delay given by Siebert is its subjective mistaken belief that coverage under the Nationwide policies would not be implicated. Overstreet, 568 F. Supp. 2d at 644 ("Where there are extenuating circumstances for the delay, the jury may consider whether these circumstances furnish a justification or excuse for the delay."). But, as the Supreme Court of Virginia has made clear,

> [f]ailure to give timely notice will not be excused when the insured only subjectively concludes that coverage under the policy will not be implicated. Such a policy provision requires the insurer to be notified whenever, from an objective standpoint, it should reasonably appear to the insurer that the policy may be involved.

Dan River, Inc. v. Commercial Union Ins. Co., 317 S.E.2d 485, 487 (Va. 1984) (emphasis added); see also Overstreet, 568 F. Supp. 2d at 645 ("[A]n insured's subjective mistaken belief that an occurrence is not covered cannot excuse or justify a delayed notice."); Chapman, 888 F. Supp. at 745 ("[A]n insured's subjective opinion that an accident will not precipitate a claim under the policy is irrelevant to the question of whether notice should be provided.").

Under Virginia law, "a long delay in notifying an insurer of an occurrence, with no justification, can in certain circumstances constitute a violation of a notice provision as a matter of law." Overstreet, 568 F. Supp. 2d at 646. This and other courts applying Virginia law have

repeatedly held that a delay of as little as four months, with no justification, is unreasonable as a matter of law. See Goodwin v. Union Ins. Co., No. 4:06cv26, 2007 WL 582931, at *8 (E.D. Va. Feb. 20, 2007) (three-year delay unreasonable as a matter of law due to "sheer lapse of time"); Chapman, 888 F. Supp. at 746 (delay of 126 days unreasonable as a matter of law); Va. Farm Bureau Mut. Ins. Co. v. Sutherland, No. 7:03cv122, 2004 WL 2360162, at *2 (W.D. Va. Oct. 19, 2004) ("a delay of 601 days is beyond the outer limit of reasonableness"); Vermont Mut. Ins. Co. v. Everette, 875 F. Supp. 1181 (E.D. Va. 1995) (18-month delay unreasonable as a matter of law); Walton, 423 S.E.2d at 192 (two-year delay unreasonable as a matter of law); see also Lord v. State Farm Fire & Cas. Co., 295 S.E.2d 796, 799–800 (Va. 1982) (finding 173-day delay unreasonable on stipulated facts).

In this case, Siebert did not provide notice to Nationwide until more than 1,000 days—nearly three years—after it learned of the accident. In the absence of any cognizable justification for the delay, the Court is compelled to conclude, as a matter of law, that Siebert failed to substantially comply with the notice provisions of the Nationwide polices, and it is therefore barred from recovery under the policy.

## IV. CONCLUSION

For the foregoing reasons, the plaintiff's motion for summary judgment is **GRANTED**.

The Clerk is **DIRECTED** to enter judgment in favor of the plaintiff and against the defendant in this case. Said judgment shall include the requested declaration that plaintiff Nationwide Mutual Insurance Company has no obligation under Commercial General Liability Policy ACP GLO 2403201474 and Commercial Umbrella Liability Policy ACP CAF 2403201474 to provide indemnification, a defense, costs of defense, or any other insurance coverage or benefits to or for defendant Sandbridge Properties, Inc. d/b/a Siebert Realty for the

claims or causes of action arising out of the facts and allegations that are the subject of the civil action styled <u>Cardarelli v. Flannagan</u>, Case No. CL11-2221, filed in the Circuit Court for the City of Virginia Beach on April 6, 2011.

**IT IS SO ORDERED.**

January 1�, 2013
Norfolk, Virginia

Robert G. Doumar
Senior United States District Judge